Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KÜHMSTEDT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPOTIFY USA, INC., a Delaware corporation; AMAZON.COM, INC., a Delaware corporation; DEEZER S.A., a French limited liability company; TERO ENTERTAINMENT PUBLIC CO. LTD., a Thai limited company; DEMON MUSIC GROUP LIMITED, an English company; LIVEXLIVE, CORP., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**Plaintiff's Complaint for**:<br><br>1. Copyright Infringement<br><br>2. Vicarious and/or Contributory Copyright Infringement<br><br>3. Violation of DMCA 17 U.S.C. § 1202<br><br>**Jury Trial Demanded** |

Plaintiff, Bernhard Kühmstedt ("Kühmstedt"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.  Kühmstedt is an individual residing in the Munich, Germany.

5.  Kühmstedt is informed and believes and thereon alleges that Defendant Spotify USA, Inc. ("Spotify"), is a Delaware corporation that does business in and with California and this District, including without limitation from offices at 425 California St., San Francisco, California 94104.

6.  Kühmstedt is informed and believes and thereon alleges that Defendant Amazon.com, Inc. ("Amazon"), is a Delaware corporation that does business in and with California and this District, including without limitation from offices at North Building, 1620 26th St, Santa Monica, California 90404.

7.  Kühmstedt is informed and believes and thereon alleges that Defendant Deezer S.A. ("Deezer"), is a French limited liability company that does business in and with California and this District.

8.  Kühmstedt is informed and believes and thereon alleges that Defendant Tero Entertainment Public Co., Ltd. ("Tero"), is a Thai limited company that does business in and with California and this District.

9.  Kühmstedt is informed and believes and thereon alleges that Defendant Demon Music Group Limited ("Demon"), is an English and Wales company that does business in and with California and this District.

10. Kühmstedt is informed and believes and thereon alleges that Defendant Livexlive, Corp., doing business as "Live One" ("Live One"), is a Delaware corporation that does business in and with California and this District, including without limitation from offices at 269 South Beverly Drive, Suite 1450, Beverly Hills, California 90212.

11. Kühmstedt is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (collectively with Spotify, Amazon, Deezer, Tero, Demon, and Live One, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Kühmstedt, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Kühmstedt is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Kühmstedt proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPH

13. Kühmstedt is a renowned professional photographer specializing in celebrity and portrait photography. Kühmstedt's work has been widely published and displayed internationally and has featured such world-famous celebrities as Christina Aguilera, Justin Timberlake, and the Red Hot Chili Peppers.

14. Kühmstedt created and owns the original photograph of famed band *The Five* depicted in **Exhibit A** attached hereto (the "Subject Photograph").

15. Kühmstedt is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph.

16. The Subject Photograph is registered with the U.S. Copyright Office and/or was first published abroad, exempting Kühmstedt from the registration requirements set out in 17 U.S.C. § 411(a) for said photograph.

17. Prior to the acts complained of herein, the Subject Photograph was published to the public and otherwise made widely available to viewers.

18. Upon information and belief, Kühmstedt alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for commercial benefit by, without limitation, reproducing the Subject Photograph online, which resulted in the display and reproduction of the Subject Photograph by other companies. True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto ("Infringing Content"). These copies and screen captures represent non-inclusive exemplars of the Infringing Content.

19. Upon information and belief, Kühmstedt alleges that Defendants, and each of them, had access to the Subject Photograph, including through magazines, publications, and Kühmstedt's numerous online profiles and features, online publications and press featuring Kühmstedt's work, Kühmstedt's social media

accounts, and/or through viewing the Subject Photograph on third-party websites and search engines.

20. Kühmstedt has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Photograph. The Defendant did not contact Kühmstedt and obtain a license to use the Subject Photograph before the exploitation at issue.

21. On December 12, 2021, Kühmstedt, through his attorneys, sent a letter to both Defendants notifying them of their infringing activity and demanding that they both cease and desist all infringing uses of Kühmstedt's copyrighted work. Both Defendant failed to resolve the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

22. Kühmstedt repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

23. Kühmstedt alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph in magazines or other publications, or on Kühmstedt's website or social media profiles, on other sites online, in physical publications, or in Kühmstedt's numerous online profiles. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Content.

24. Kühmstedt alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph which resulted in displays of the Subject Photograph by other streaming services and companies, as depicted in **Exhibit B** hereto.

25. Kühmstedt alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public for commercial benefit.

26. Due to Defendants', and each of their, acts of infringement, Kühmstedt has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Kühmstedt's rights in the Subject Photograph. As such, Kühmstedt is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Kühmstedt's rights in the Subject Photograph in an amount to be established at trial.

28. Kühmstedt alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

29. Kühmstedt repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Kühmstedt alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-

party, and social media sites; and distributing the Infringing Content to third-parties for further publication and display, as depicted in **Exhibit B**.

31. Kühmstedt alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

32. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Kühmstedt has suffered general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Kühmstedt's rights in the Subject Photograph. As such, Kühmstedt is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

34. Kühmstedt alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

35. Kühmstedt repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

36. The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Kühmstedt as the author,

37. Kühmstedt alleges on information and belief that Defendants, and each of them, removed Kühmstedt's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same to the public.

38. Kühmstedt alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via streaming services depicted in **Exhibit B** hereto, under its own name, and removing Kühmstedt's attribution information, including without limitation his name and/or metadata.

39. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

40. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Kühmstedt has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Kühmstedt prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a.  That Defendants—each of them—and their respective agents and servants be enjoined from reproducing, displaying, distributing, disseminating, or otherwise exploiting the Subject Photograph or otherwise violating Kühmstedt's exclusive rights in the Subject Photograph;

b.  That Kühmstedt be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial,

1                   or, if elected before final judgment, statutory damages as available under

2                   the Copyright Act, 17 U.S.C. § 101, 504, et seq.;

3        c.  That Kühmstedt be awarded its attorneys' fees as available under the

4            Copyright Act U.S.C. § 101, 505, et seq.;

5        d.  That Kühmstedt be awarded pre-judgment interest as allowed by law;

6        e.  That Kühmstedt be awarded the costs of this action; and

7        f.  That Kühmstedt be awarded such further legal and equitable relief as the

8            Court deems proper.

9     Kühmstedt demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.

10  38 and the 7th Amendment to the United States Constitution.

11

                                Respectfully submitted,

12

13  Dated: July 20, 2022      By:    */s/ Scott Alan Burroughs*

14                          Scott Alan Burroughs, Esq.

                              Frank R. Trechsel Esq.

15                          DONIGER/BURROUGHS

16                          Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## EXHIBIT A
## Subject Photograph



KEEP ON MOVIN' – THE BEST OF FIVE

35 CLASSIC TRACKS INCLUDING THE SINGLES
KEEP ON MOVIN', EVERYODY GET UP, LET'S DANCE,
SLAM DUNK (DA FUNK), GOT THE FEELIN'

1

## EXHIBIT B

2

### Infringing Content



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



